United States Court of Appeals,

Fifth Circuit.

No. 93-7646.

Glendle Ray SONES, Petitioner-Appellant,

v.

Edward HARGETT, Superintendent, Mississippi State Penitentiary, Respondent-Appellee.

Aug. 21, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Glendle Ray Sones (Sones) appeals the district court's denial of his section 2254 petition for a writ of habeas corpus. We affirm.

**Facts and Proceedings Below**

Following a March 1980 bench trial in Mississippi state court, Sones was convicted of burglary and, pursuant to the state's habitual offender statute, sentenced to life in prison without parole.[1] Miss.Code Ann. § 99-19-83 (1994). At sentencing, the state called B.C. Ruth (Ruth), a former records custodian for the Mississippi Department of Corrections, to prove up the prior convictions that were alleged in the indictment as the predicate for Sones's sentence as a habitual offender. *See id.* (requiring at

_____

[1]Had Sones not been found to be a habitual offender under section 99-19-83, his maximum sentence would have been seven years. Miss.Code Ann. § 97-17-33 (burglary of a building other than a dwelling); *see also id.* § 99-19-81.

1

least two prior felony convictions "where any one (1) of such felonies shall have been a crime of violence" and where both of the convictions resulted in separate prison terms of one year or more in any state or federal penal institution). Ruth, who was records custodian at the time of Sones's prior convictions, identified Sones's original prison file and identified him as the person who had served the terms reflected in the file. Ruth also authenticated original commitment papers issued by the circuit clerks of the counties where Sones had been sentenced. These papers reflected that Sones had been convicted of three felonies and had actually served sentences based on these convictions.[2] Sones objected to the introduction of this evidence, arguing that to prove that he was a habitual offender the State needed to produce the actual judgments of conviction instead of merely the commitment papers. Sones also argued at sentencing that the habitual offender statute was unconstitutional.

Sones appealed his conviction and sentence to the Mississippi Supreme Court, *Pace v. State,* 407 So.2d 530 (Miss.1981), contending, *inter alia,* that the State had not adequately proved

---

[2]The commitment papers reflect the following. On January 4, 1960, Sones was sentenced by the Harrison County Circuit Court to two years in prison for grand larceny and five years for armed robbery, both sentences to run concurrently. At sentencing in the present case, the state maintained that it considered these two convictions to be one for purposes of section 99-19-83. Sones was incarcerated on January 19, 1960, and discharged almost four years later, on December 14, 1963. On February 15, 1973, Sones was sentenced by the Lee County Circuit Court to three years in prison for possession of a controlled substance. He was incarcerated on this charge from February 15, 1973, until July 25, 1974. These documents further indicate that Sones pleaded guilty to all three offenses.

2

his prior convictions because Ruth was not the records custodian at the time he testified and because the actual judgments of convictions had not been produced. *Id.* at 533-34. The Mississippi Supreme Court rejected these arguments, concluding that Ruth was qualified to testify and, further, that the commitment papers, although not the best evidence, were adequate proof of Sones's prior convictions. *Id.* at 534-35. Sones also argued on his direct appeal that the state habitual offender statute, both facially and as applied, violates the Constitution, specifically the protections against ex post facto laws, double jeopardy, and cruel and unusual punishment. *Id.* at 535. Sones argued in particular, apparently with regard to his claim of cruel and unusual punishment, that his prior convictions were too remote in time to be relevant to the determination whether he should be treated as a habitual offender. The Mississippi Supreme Court rejected all these arguments and affirmed the conviction and sentence.[3] *Id.* On January 6, 1982, the court denied Sones's petition for rehearing.

On June 5, 1989, more than seven years after his unsuccessful direct appeal, Sones moved the Mississippi Supreme Court for leave to pursue post-conviction relief in the trial court,[4] Miss.Code

---

[3]The Court also rejected Sones's contention that the trial court erred in not acquitting him on the basis of entrapment.

[4]Motions for post-conviction relief are, as a rule, filed in the county circuit court where the prisoner was tried. Miss.Code Ann. § 99-39-7. However, because Sones had directly appealed his conviction to the Mississippi Supreme Court and because his conviction had been affirmed there, he first had to move that court for leave to file for post-conviction relief in the trial court. *Id.* § 99-39-27. For this reason, the Mississippi Supreme Court passed first, and conclusively, on Sones's application for

3

Ann. § 99-39-1 *et seq.,* claiming that his life sentence should be set aside for violating the Ex Post Facto and Cruel and Unusual Punishment Clauses of the Federal Constitution; he also reasserted that the proof of his prior convictions was inadequate to support the trial court's finding that he was a habitual offender. On July 26, 1989, the Mississippi Supreme Court denied Sones's motion, concluding that his claims were time barred under the applicable three-year statute of limitations on claims for post-conviction relief. *See id.* § 99-39-5(2). The court, accordingly, did not reach the merits of his claims.

On May 31, 1991, Sones filed the instant habeas petition, his first in federal court. In the district court, Sones raised the following six claims: (1) that his sentence as a habitual offender constituted cruel and unusual punishment; (2) that the habitual offender statute is itself unconstitutional; (3) that there was insufficient evidence to establish whether he was a habitual offender; (4) that the indictment was fatally defective; (5) that his arrest was the result of entrapment; and (6) that his trial counsel was constitutionally ineffective for failing to object to the allegedly defective indictment. On May 3, 1993, the district court entered a memorandum opinion concluding that all Sones's claims were time barred and, in the alternative, meritless and ordering that the petition be dismissed with prejudice. The district court thereafter granted Sones's motion for an extension of time to file "objections" to the memorandum opinion.

post-conviction relief.

4

Thereafter, Sones, on June 1, 1993, filed his "Plaintiff's Objections To The Judge's Memorandum Opinion," in which he raised a new basis for his Sixth Amendment claim: that his trial counsel was ineffective for failing to investigate and challenge the validity of his prior conviction for armed robbery, his only prior crime of violence. The district court in a September 7, 1993, memorandum opinion overruled these objections, rejecting the additional Sixth Amendment claim because Sones did not "specify how the prior convictions were invalid." On the same date, the district court entered judgment dismissing the case with prejudice. This Court granted Sones a certificate of probable cause and appointed appellate counsel for him.

## Discussion

We must first decide which of Sones's claims are properly before us. Federal courts will generally not consider claims in a section 2254 habeas petition that have not been first presented to the state courts. 28 U.S.C. § 2254(b). In other words, the petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Rodriguez v. McKaskle,* 724 F.2d 463, 466 (5th Cir.), *cert. denied,* 469 U.S. 1039, 105 S.Ct. 520, 83 L.Ed.2d 408 (1984); *see also Sterling v. Scott,* 57 F.3d 451, 454 (5th Cir.1995). "To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claims to the state courts." *Vela v. Estelle,* 708 F.2d 954, 958 (5th Cir.1983) (citations omitted), *cert. denied,* 2164 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984). "Normally, the exhaustion

5

requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." Id. (footnote omitted). This exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court proceedings, even if such claims are mixed with exhausted ones. *Rose v. Lundy,* 455 U.S. 509, 513-519, 102 S.Ct. 1198, 1201-03, 71 L.Ed.2d 379 (1982); *Rodriguez,* 724 F.2d at 464.

In his federal habeas petition, Sones essentially raised all those issues decided by the Mississippi Supreme Court in his direct appeal, but added for the first time in any court the claim that his trial counsel was constitutionally ineffective.[5] In his motion for post-conviction relief in state court, moreover, Sones did not raise any claims that had not already been disposed of on direct appeal, although he did not raise every issue submitted on direct appeal or in the instant federal petition. So long as the claims have been presented to the state supreme court, however, it is not necessary for the prisoner to ask the state for collateral relief

---

[5]Below and on appeal, before the appointment of counsel, Sones also argued for the first time that the indictment was defective because it did not contain a signed affidavit by the grand jury foreman, as required by state law. *See* Miss.Code Ann. § 99-7-9. The record flatly contradicts this allegation; the indictment does contain just such an affidavit. Whatever its procedural status, this claim is thus frivolous, and consequently so too is Sones's claim that counsel was ineffective for not objecting to this allegedly defective indictment. Counsel cannot be deficient for failing to press a frivolous point. *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990). We consider the only colorable constitutional claim raised by Sones for the first time in federal court to be that his trial counsel was constitutionally ineffective for not challenging the validity of his prior conviction.

on the same issues.[6]  *Brown v. Allen,* 344 U.S. 443, 448 n. 3, 73 S.Ct. 397, 403 n. 3, 97 L.Ed. 469 (1953).  Section 2254 does not require "repetitious applications to state courts."  *Id.*  The exhaustion of state remedies can be accomplished either directly or collaterally.  *Myers v. Collins,* 919 F.2d 1074, 1076-77 (5th Cir.1990);  *see also* 17A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4264 ("[I]t is settled that § 2254 is satisfied if the federal issue has once been properly presented to the highest court of the state.").  Consequently, we hold that Sones has adequately exhausted available state remedies for those claims presented to the Mississippi Supreme Court.  Although these claims are thus properly before us, we agree, essentially for the reasons stated by the Mississippi Supreme Court and by the district court below, that these claims must fail on the merits.  In particular, we agree with the Mississippi Supreme Court that the proof of Sones's prior convictions was adequate to support the finding that he is a habitual offender.[7]  *See also King v. State,* 527 So.2d 641, 646

---

[6]We note that, under Mississippi statutory law, any motion for post-conviction relief does not affect "any remedy incident to the ... direct review of the conviction or sentence." Miss.Code Ann. § 99-39-5(3).

[7]We note that Sones's Eighth Amendment cruel and unusual punishment claim has evolved since his direct appeal.  At trial and on direct appeal, Sones did not base this claim on a theory of gross disproportionality between his crime and sentence, the way in which he has framed this argument in his state and federal petitions for collateral relief.  This claim was found to be time barred in state court.  Here on appeal, Sones has not attempted to explain why he should be excused from any procedural default on this claim, as he has with regard to his Sixth Amendment claim.

(Miss.1988).

For the first time, Sones argues in the instant federal proceeding, in his objections to the district judge's May 3, 1993, memorandum opinion directing that the habeas petition be dismissed, that trial counsel was ineffective for not challenging the validity of his prior convictions; specifically, he contends that his trial counsel should have objected to the use of his 1960 conviction for armed robbery because, allegedly, he was without counsel during the preliminary hearing and sentencing phase for that particular conviction. *See Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977) ("[S]entencing is a critical stage of the criminal proceeding at which [a defendant] is entitled to the effective assistance of counsel."). Because further review in state court is time barred under Miss.Code Ann. § 99-39-5(2), the state's three-year statute of limitations on post-conviction relief, *see Teague v. Lane,* 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989), there are no longer any state remedies available for Sones to exhaust. Consequently, because state court collateral relief was no longer available at the time

---

In any event, even assuming that this particular claim was considered and rejected on direct appeal and is thus now properly before us, we believe it fails on the merits for the reasons stated by this Court in *McGruder v. Puckett,* 954 F.2d 313, 316-17 (5th Cir.1992) (holding that a life sentence without parole under section 99-19-83 is not grossly disproportionate to the offense of auto burglary, when, as here, the prior convictions involved armed robbery), *cert. denied,* --- U.S. ----, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992). *See also Terrebonne v. Butler,* 848 F.2d 500 (5th Cir.1988) (en banc), *cert. denied,* 489 U.S. 1020, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989).

Sones filed the instant petition in federal court, he has technically exhausted all available state remedies regarding this ineffective assistance of counsel claim. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982).

When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. As the Supreme Court stated in *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991),

> "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal habeas...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.[8]

There is no question that Sones is now unable to pursue his Sixth Amendment claim in state court.[9] Sones concedes that this claim would have been time barred had it been included in his prior state

---

[8]For a general justification of this rule, see Larry W. Yackle, *Postconviction Remedies* § 70 (1981). *See also Coleman,* 501 U.S. at 732, 111 S.Ct. at 2555 ("In the absence of the independent and adequate state ground doctrine in federal habeas, state petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.").

[9]We recognize that a habeas petitioner typically is not required to present a claim of ineffective assistance of counsel on direct appeal in Mississippi, at least when the same counsel represented him both at trial and on appeal. *Wiley v. State,* 517 So.2d 1373, 1378 (Miss.1987), *cert. denied,* 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988). Nevertheless, the petitioner must still pursue state collateral relief before he can bring this claim in his federal habeas petition, because Mississippi's Post-Conviction Relief Act makes collateral remedies available for claims of ineffective assistance. Miss.Code Ann. § 99-39-5; *Wiley,* 517 So.2d at 1378; *see also Smith v. State,* 434 So.2d 212, 219 (Miss.1983).

petition and that, consequently, a refiling in state court would be futile. Sones has thus defaulted this claim. *See Steele v. Young,* 11 F.3d 1518, 1524 (10th Cir.1993) (holding that when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless "judicial ping-pong' and hold the claim procedurally barred from habeas review").

Sones contends first that his claim should not be considered defaulted because Mississippi's statute of limitations is not an independent and adequate procedural rule.[10] The doctrine of procedural default presupposes that a state court's reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Coleman,* 501 U.S. at 731, 111 S.Ct. at 2554; *Smith v. Black,* 970 F.2d 1383, 1386 (5th Cir.1992). We presume the adequacy and independence of a state procedural rule when the state court expressly relies on it in deciding not to review a claim for collateral relief, as the Mississippi Supreme Court did here. *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). The presumption of adequacy can be rebutted in certain circumstances, however, if the state's procedural rule is not "strictly or regularly followed." *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988) (citations and internal quotation marks omitted); *see Hathorn v. Lovorn,* 457 U.S. 255, 263, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982) ("State courts may not avoid

---

[10]This same contention was raised but not ruled on in our recent decision in *Glover v. Hargett,* 56 F.3d 682 (5th Cir.1995).

10

deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims.").

Section 99-39-5(2), the state procedural bar in question, provides as follows:

"A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired...."[11]

In *Odom v. State,* 483 So.2d 343 (Miss.1986), the Mississippi Supreme Court determined that this section applied prospectively to convictions occurring before April 17, 1984, the date of enactment of the Post-Conviction Collateral Relief Act, Miss.Code Ann. §§ 99-39-1 *et seq. Id.* at 344. Sones, whose conviction was affirmed in 1982, thus had until April 17, 1987, to bring an action in state court for collateral relief from the judgment of conviction. As he failed to do so, the Mississippi Supreme Court held his petition time barred.

Sones has failed to demonstrate that Mississippi's three-year limitations rule is not regularly followed. In *Luckett v. State,* 582 So.2d 428 (Miss.1991), the only decision he cites that even involves section 99-39-5(2), the Mississippi Supreme Court held that it may consider "[e]rrors affecting fundamental constitutional rights" despite the strict terms of the procedural bar. *Id.* at 430. In so holding, the court indicated, as it has in other contexts, that the limitations rule would not prohibit the court

---

[11]There are exceptions to this rule, but Sones has not argued that they are applicable here.

from noticing plain errors. *See Grubb v. State,* 584 So.2d 786, 789 (Miss.1991); *Smith v. State,* 477 So.2d 191, 195 (Miss.1985). We have held, however, that noticing plain error does not "detract[ ] from the consistency of ... the [procedural] rule." *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir.1992) (quoting *Wiley v. Puckett,* 969 F.2d 86 (5th Cir.1992)). Instead, the issue is whether Mississippi has been consistent in its application of the limitations rule to "classes of claims" such as Sones's. *Id.* Our independent review of all the published state decisions citing section 99-39-5(2) indicates that the Mississippi Supreme Court has consistently applied the time bar to claims of ineffective assistance of counsel at trial. *See, e.g., Campbell v. State,* 611 So.2d 209, 210 (Miss.1992); *Harveston v. State,* 597 So.2d 641, 642 (Miss.1992).[12]

The only cases Sones cites, besides *Luckett,* are *Grubb* and *Smith v. State,* and they do not advance his argument. Neither case involved any limitations rule, much less the one at issue here, nor did they involve Sixth Amendment claims. Although the petition in *Smith v. State* was filed four years after the petitioner's conviction, that fact had nothing to do with the court's disposition. Indeed, Smith's claims were not time barred; he had

---

[12]Moreover, we note that in *Cole v. State,* 608 So.2d 1313 (Miss.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 2936, 124 L.Ed.2d 685 (1993), the Mississippi Supreme Court relied on section 99-39-5(2) to bar review of a petition for post-conviction relief in which a death-row inmate claimed that he had not been represented by counsel on a prior conviction that had been used as an aggravating circumstance in the sentencing phase of his capital trial. *Id.* at 1321.

until April 17, 1987, to raise them, *Odom,* 483 So.2d at 344, and *Smith v. State* was decided in 1985. Likewise, in *Grubb,* the petition for post-conviction relief was not untimely; it was successive. 584 So.2d at 788. In short, none of the cases on which Sones relies rebut the presumption of adequacy raised by the state court's express reliance on the three-year limitations rule to bar collateral review.[13] We thus hold that section 99-39-5(2) functions as an independent and adequate procedural bar to review of Sones's ineffective assistance of counsel claim in federal court.[14]

---

[13]Shortly before oral argument in this case, the Mississippi Supreme Court issued its opinion in *Strickland v. Howell,* 654 So.2d 1387 (Miss.1995). There, the court decided not to apply the state's three-year statute of limitations on post-conviction relief to a petition for a writ of habeas corpus. *Strickland* is clearly distinguishable. A writ of habeas corpus in Mississippi is not equivalent to a petition for post-conviction relief. *See* Miss.Code Ann. § 99-39-3 (abolishing *post-conviction* habeas); *see generally, Walker v. State,* 555 So.2d 738 (Miss.1990). Rather, a Mississippi application for a writ of habeas corpus is habeas corpus in the more classical sense and is generally brought by a prisoner claiming to be held without ever having been convicted. The petitioner in *Strickland* claimed not only that he did "not commit the crime, [but also that] he was never indicted, tried, convicted or sentenced." *Strickland,* 654 So.2d at 1388. Because Strickland was thus not seeking post-conviction relief, section 99-39-5(2) was simply inapplicable. *Id.* at 1389.

[14]We emphasize that Sones has never directly challenged the validity of his prior armed robbery conviction (except for his guilty plea argument raised for the first time on this appeal; *see infra* note 18). As discussed below, the Mississippi Supreme Court has consistently held that an attack on a facially valid prior conviction, used either as an aggravating circumstance in capital sentencing or as a basis for a sentence as a habitual offender, must be brought after sentencing in a petition for post-conviction relief from that *prior* judgment of conviction. *Phillips v. State,* 421 So.2d 476, 481 (Miss.1982); *see also Johnson,* 486 U.S. at 587-588, 108 S.Ct. at 1987-88; *Culberson v. State,* 612 So.2d 342, 343-47 (Miss.1992).

13

Because section 99-39-5(2) operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review of his Sixth Amendment claim is barred unless Sones "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental

---

At oral argument, counsel for the State implied that all attacks on prior convictions occurring before 1984 (the year Mississippi enacted its three-year limitations on post-conviction relief) became time barred in 1987. The situation may arise, then, that a defendant sentenced today as a habitual offender on the basis of convictions occurring anytime before 1984 may have no opportunity in state court to challenge those prior convictions, at least if they are facially valid. The Seventh Circuit has held that a defendant in such a situation must be allowed some post-enhancement review of his prior convictions, either in state or federal court. *Smith v. Farley,* 25 F.3d 1363, 1369-70 (7th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 908, 130 L.Ed.2d 791 (1995). In such a situation, it is arguable that the state bar may not be considered an independent and adequate state ground to bar federal review, at least with respect to prior convictions occurring in that state, because it provides no opportunity at or after the enhancement proceeding for collateral relief from the new use of prior convictions. *Tredway v. Farley,* 35 F.3d 288, 294 (7th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995). *See also Custis v. United States,* --- U.S. ----, 114 S.Ct. 1732, 1739, 128 L.Ed.2d 517 (1994) (presuming the opportunity for a defendant whose sentence has been enhanced to bring challenges not allowed at sentencing in some post-sentencing, collateral proceeding).

As mentioned above, however, Sones has claimed only that his counsel was ineffective for not challenging, or investigating, the validity of his prior conviction for armed robbery; he has not directly challenged the use of this prior conviction for sentencing enhancement. In any event, Sones, unlike the petitioner in *Tredway, did* have a post-enhancement opportunity to challenge the use of his prior convictions at sentencing; he had approximately five years to do so but, because of delay, forfeited this opportunity. *See Smith v. Farley,* 25 F.3d at 1363 n. 8.

14

miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565. *See also Engle,* 456 U.S. at 128-131, 102 S.Ct. at 1572-73; *Wainwright v. Sykes,* 433 U.S. 72, 85-93, 97 S.Ct. 2497, 2506-09, 53 L.Ed.2d 594 (1977). Sones has never alleged cause or prejudice,[15] but instead contends that denying federal review of his claim will result in a fundamental miscarriage of justice. More particularly, Sones argues that he should be excused from having to demonstrate cause and prejudice for his procedural default because he is "actually innocent" of the sentence imposed. *Sawyer v. Whitley,* --- U.S. ----, ---- - ----, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). In order to be actually innocent of a non-capital sentence, the petitioner must show that "but for the constitutional error he would not have been legally eligible for the sentence he received." *Smith v. Collins,* 977 F.2d 951, 959 (5th Cir.1992), *cert. denied,* --- U.S. ----, 114 S.Ct. 97, 126 L.Ed.2d 64 (1993).[16]

---

[15]In the instant proceedings, Sones stated (in his June 1, 1993, "objections") that he informed trial counsel of the facts indicating the invalidity of the prior convictions, but that counsel failed to investigate them. Because Sones thus "knew or should have known, as early as the date of affirmance of his conviction, of the circumstances that he now describes as incompetence of counsel, he cannot establish "cause' ... for failure to raise that claim" in a prior, timely petition in state court. *Woods v. Whitley,* 933 F.2d 321, 324 (5th Cir.1991).

[16]We note that this Circuit has never explicitly held that the actual innocence standard can extend to non-capital sentencing procedures, an issue the Supreme Court has not yet addressed. Our decision in *Smith v. Collins,* cited above, assumed without deciding that the standard would so extend and, on that assumption, announced the test we use here today. 977 F.2d at 959. We again decline to resolve this issue and merely assume, *arguendo,* the applicability of the actual innocence standard to non-capital sentencing. The other circuits appear to be split on this issue. *Compare United States v. Richards,* 5 F.3d 1369, 1371 (10th Cir.1993) *with Jones v. Arkansas,* 929 F.2d

Sones must therefore establish that, but for his counsel's deficiency, he would not have been found to be a habitual offender and thus would not have received a sentence of life imprisonment.

Sones has failed to demonstrate actual innocence. The error he alleges is, essentially, that trial counsel should have attacked the validity of his prior convictions at sentencing. Sones has alleged, both belatedly below and on this appeal, that he was without counsel at the sentencing and preliminary hearing phases of his 1960 conviction for armed robbery.[17] Consequently, he argues, trial counsel was ineffective for not challenging his sentence as a habitual offender on that basis.[18] The Mississippi Supreme Court

---

375, 381 & n. 16 (8th Cir.1991).

[17]We are baffled by Sones's counsel's assertion at oral argument before us that Sones has never alleged that he was not represented by counsel during proceedings in his armed robbery conviction. In his June 1, 1993, "objections" filed below, Sones states, "Petitioner was in fact without counsel at sentencing" and "[T]he fact [is] that petitioner was not represented by counsel during guilty plea proceedings of armed robbery used to enhance habitual sentence of life without possibility of parole." In his *pro se* brief on this appeal, Sones states that he was not appointed counsel until after the preliminary hearing in his armed robbery conviction and, further, that the "court appointed counsel was not present at [his] sentencing ... in prior armed robbery conviction." Sones's counsel in this appeal also suggested that Sones has never alleged any more than a general constitutional challenge and thus has never asserted a specific Sixth Amendment claim. This too is contradicted by the record; Sones asserted a Sixth Amendment counsel claim, both in his original federal petition (ineffectiveness of counsel for failure to challenge indictment) and in his June 1, 1993, objections to the district court's original opinion.

[18]For the first time on this appeal, Sones's counsel argues that his prior convictions are void on their face for failing to indicate whether the guilty pleas on which they were based were knowing and voluntary. We consider this novel argument forfeited. *Linceum v. Collins,* 958 F.2d 1271, 1280-81 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 417, 121 L.Ed.2d

16

has made it clear, however, that attacks on prior convictions that are not facially invalid must be made collaterally, in a motion for relief from the prior judgment of conviction, not at trial or sentencing:

> "In fulfilling its mission to determine whether a prior conviction is constitutionally valid for the purpose of enhancing a defendant's sentence, the trial court must not be placed in position of "retrying' the prior case. Certainly any such frontal assault upon the constitutionality of a prior conviction should be conducted in the form of an entirely separate procedure solely concerned with attacking that conviction. This role is neither the function nor the duty of the trial judge in a hearing to determine habitual offender status." *Phillips,* 421 So.2d at 481-82.

*See also Culberson,* 612 So.2d at 344 ("[A]n assault upon the constitutionality of a prior conviction used for sentence enhancement should be conducted in a proceeding in the court in which such conviction occurred and should be solely concerned with

---

340 (1992). Although we may consider a forfeited claim if it presents a purely legal question and if failure to consider it will result in manifest injustice, *Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985), the issue whether Sones's prior convictions were based on voluntary and knowing pleas is not purely a question of law. Although a court generally may not presume voluntariness from a silent record, *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), "[i]t is permissible ... for a habeas court to determine whether the plea was voluntary and intelligent from the facts adduced at an evidentiary hearing before it or before a state court in collateral proceedings." *Hall v. Maggio,* 697 F.2d 641, 643 (5th Cir.1983); *see also Fisher v. Wainwright,* 584 F.2d 691, 693 (5th Cir.1978) ("Evidence obtained at a post-conviction proceeding may serve to supplement the trial transcript and may be used in determining whether the plea was voluntarily made."). Sones has never alleged that he unknowingly or involuntarily entered the guilty pleas on which his predicate convictions were based. If he had done so below, or in a timely state court proceeding, the court could have engaged in fact-finding. Because this issue thus involves factual as well as legal questions, we will not consider it for the first time on appeal. *See also infra* note 19.

attacking that conviction").  *See supra* note 14.

On the face of the commitment papers there is no affirmative indication that Sones was not represented by counsel.  Citing *Burgett v. Texas,* 389 U.S. 109, 113-116, 88 S.Ct. 258, 261-62, 19 L.Ed.2d 319 (1967), counsel for Sones insisted at oral argument that we must presume the invalidity of any prior conviction when the evidence supporting it is silent on the issue of representation.  We rejected this exact position in *Mattheson v. Maggio,* 714 F.2d 362, 365 (5th Cir.1983) (holding that *Burgett* neither creates a "general presumption of invalidity" nor lightens the petitioner's "burden of proving that the convictions used by the State to enhance his sentence were uncounseled");  *see also United States v. Barlow,* 17 F.3d 85, 89 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 148, 130 L.Ed.2d 88 (1994).  As we explained in *Mattheson,* any presumption of invalidity raised in *Burgett* was based on evidence of the prior conviction that, on its face, affirmatively reflected that the conviction was in fact uncounseled.[19]  *Id.*  Here, there is no such affirmative indication

_____

[19]The Mississippi Supreme Court has been reluctant to presume the facial invalidity of prior convictions used for sentencing enhancement.  In *Estelle v. State,* 558 So.2d 843, 848 (Miss.1990), for instance, the court held that evidence of a prior, guilty-plea conviction that does not indicate whether the plea was knowing and voluntary is not enough, alone, to establish the conviction's invalidity for purposes of sentence enhancement under section 99-19-83.  *Id.* at 848.  "[T]he burden is on the appellant to introduce evidence to make a prima facie case showing that his guilty plea was constitutionally invalid."  *Id.* The Supreme Court has held that prior convictions used for sentencing enhancement enjoy a "presumption of regularity," even if on their face they do not affirmatively indicate compliance with *Boykin.*  *Parke v. Raley,* --- U.S. ----, ----, 113 S.Ct. 517, 524, 121 L.Ed.2d 391 (1992).  This presumption "makes it

18

in the record, and so the evidence in the March 1980 conviction and sentencing does not reveal a facially invalid prior conviction.[20] Counsel therefore could not have successfully challenged the constitutionality of the prior convictions in the sentencing phase; as mentioned above, in Mississippi constitutional challenges to the validity of prior convictions that are not facially invalid must be made collaterally, *see Phillips,* 421 So.2d at 481,[21] and Sones has

appropriate to assign a proof burden to the defendant." *Id.* It is thus constitutional for a state court, at least initially, to presume the validity of prior convictions used for sentence enhancement. *Id.; see Barlow,* 17 F.3d at 89 (holding that the defendant bears the burden of proving the invalidity of a prior conviction that is allegedly defective under *Boykin* ).

[20]The record positively indicates that Mrs. Clare Sekul Hornsby was appointed Sones's counsel "in the trial of" the 1960 armed robbery conviction. There is no affirmative indication, one way or the other, that Mrs. Hornsby was not present at either Sones's preliminary hearing or at sentencing for the armed robbery. Sones contends that the absence of any mention of counsel in the record of his armed robbery sentencing, as compared with its presence in other cases, raises the inference that counsel was not present then. *Mattheson,* however, interpreted *Burgett* to require that the absence of counsel be affirmatively indicated by the record, not inferentially. 714 F.2d at 365. In *Burgett,* one version of the prior conviction specifically stated that the defendant had appeared "in proper person without Counsel," 389 U.S. at 111, 88 S.Ct. at 260, and it is this version, we held in *Mattheson,* that raised the presumption of invalidity. 714 F.2d at 365.

[21]Since *Custis v. United States,* --- U.S. ----, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), it is an open question whether Mississippi's *Phillips* rule (that a defendant must bring constitutional attacks on not facially invalid prior convictions collaterally, not at sentencing) can constitutionally be applied to claims at sentencing that the prior convictions were uncounseled. In *Custis,* the Supreme Court held that a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of prior convictions used for sentencing enhancement unless the challenge is that the prior convictions were obtained in violation of the right to counsel. *Id.,* --- U.S. at ----, 114 S.Ct. at 1736-37. This decision was not, however, decided until some twelve years after the sentencing in

never sought collateral relief from the prior convictions that qualify him as a habitual offender. *See supra* note 14. We perceive no attorney constitutional ineffectiveness, nor any but for which Sones would not have received a life sentence. Accordingly, we reject Sones's contention that denying federal review of his Sixth Amendment claim would result in a fundamental

this case. Before *Custis,* the issue received little attention until the mid 1990s, when it suddenly surfaced and divided the Courts of Appeals, *see generally United States v. Mitchell,* 18 F.3d 1355, 1358 & n. 3 (7th Cir.) (collecting cases), *cert. denied,* --- U.S. ----, 115 S.Ct. 640, 130 L.Ed.2d 546 (1994), many of which (the First, Fourth, Sixth, Seventh, Eighth, and Eleventh Circuits) held that, at federal sentencing, a defendant could only attack facially (or presumptively) void prior convictions; the other Circuits to consider the question held that the defendant's challenge was at the discretion of the district court. *See id.* Only the Ninth Circuit has held that a sentencing court is required by the Constitution to inquire into the validity of any prior convictions used for sentencing enhancement. *United States v. Vea-Gonzales,* 986 F.2d 321, 327 (9th Cir.), *amended,* 999 F.2d 1326 (9th Cir.1993); *but see Cuppett v. Duckworth,* 8 F.3d 1132, 1148 (7th Cir.1993) (Easterbrook, J., concurring) (deriding the position of the Ninth Circuit: "The idea that the Constitution requires a sentencing judge to reexamine other courts' judgments is preposterous."), *cert. denied,* --- U.S. ----, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994).

It is thus pure speculation, undercut by Mississippi's subsequent and continuing adherence to its rule, that counsel would have better served Sones by not following the *Phillips* rule at sentencing and by instead launching a novel, and prophetic, *Custis* -style challenge against it. *See Bradford v. Whitley,* 953 F.2d 1008, 1011-12 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 91, 121 L.Ed.2d 53 (1992); *see also Cuppett,* 8 F.3d at 1143 (Easterbrook, J., concurring). Moreover, even though *Phillips* was not decided until after sentencing in this case, its holding represents the first and definitive statement on the procedures to be employed in Mississippi in challenging the constitutional validity of prior convictions at the sentencing of a habitual offender; this holding thus greatly undercuts, if not completely negates, any potential allegation that, had counsel objected at sentencing, he ultimately would not have been considered eligible for sentencing enhancement.

miscarriage of justice.

## Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.