# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01045-SCT

*GARRY MOORE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/96 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | TIM ERVIN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/5/98 |
| MOTION FOR REHEARING FILED: 2/23/1998 | |
| MANDATE ISSUED: | 4/16/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Garry Moore was indicted in Cause No. 11,575 during the March, 1983 Term by the Monroe County Grand Jury on one count of burglary and larceny of a dwelling and one count of uttering a forged check. Moore pled guilty to both charges on June 14, 1983, before Circuit Court Judge Fred Wicker. In a July 8, 1983, order, Judge Wicker sentenced Moore to serve ten years on the burglary and larceny conviction and ten years on the forgery conviction, both sentences to run concurrently.

In 1991, the 1983 convictions were used as the basis for Moore's convictions as a habitual offender. On February 2, 1993, Moore filed his Motion to Vacate and Set Aside Convictions (PCR motion), contending that his guilty pleas in Cause No. 11,575 were involuntary and unknowing, and could not be used to enhance his sentence as a habitual offender. He asserted that Judge Wicker failed to comply with the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), and Rule 3.03 of the

Mississippi Uniform Criminal Rules of Circuit Court, requiring that a criminal defendant be advised of his rights before pleading guilty. Specifically, Moore claimed that his guilty pleas were rendered involuntary, because the court did not inform him that the convictions could be used to enhance his sentencing upon further conviction as a habitual offender. Circuit Court Judge Frank Vollor dismissed Moore's PCR motion on August 10, 1993, finding that it was time barred.

On August 20, 1993, Moore filed his Motion to Amend and/or Alter Judgement [sic], seeking relief from the August 10 denial of his PCR motion under Miss. R. Civ. P. 59(e). In his supporting brief, Moore asserted that the statute of limitations for filing a PCR motion challenging a prior conviction should not begin to run until the prior conviction is used for sentencing enhancement. Upon denial of the 59(e) motion by Judge Vollor, Moore filed a petition for writ of mandamus, requesting that this Court direct Judge Vollor to consider the merits of the motion. This Court denied Moore's petition on October 8, 1993. On August 9, 1996, Moore filed his Petitioner's Motion for Relief from Judgment or Order under Miss. R. Civ. P. 60(b)(6), again requesting the circuit court to vacate its order denying him post conviction relief. In this motion, Moore for the first time asserted that his guilty pleas in Cause No. 11,575 were involuntary due to the trial court's failure to advise him of the minimum penalties and his right against self incrimination. Judge Vollor dismissed this final motion, because it was not filed within a reasonable time, and Moore perfected his appeal to this Court.

## STATEMENT OF THE LAW

### I.

### WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER BROUGHT UNDER RULE 60(B)(6) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

Moore filed his motion under Miss. R. Civ. P. 60(b)(6), which states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (6) any other reason justifying relief from the judgment.
>
> The motion shall be made *within a reasonable time*, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.

Miss. R. Civ. P. 60(b)(6) (emphasis added). In his motion, and on appeal to this Court, Moore argues that his original PCR motion was not time barred, based upon *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995). Judge Vollor did not address the merits of Moore's 60(b)(6) motion, but denied it because it was not timely filed, citing *Hinds County Bd. of Supervisors v. Common Cause of Mississippi*, 551 So.2d 107 (Miss. 1989). In *Common Cause*, this Court found that a 60(b) motion filed over two years after judgment was not filed "within a reasonable time." *Common Cause*, 551 So.2d at 119. This Court's interpretation of the phrase "within a reasonable time" in *Common Cause* is applicable to all 60(b) motions other than those under subsections (1), (2), and (3), which must be filed within six months. Since Moore filed his 60(b)(6) motion on August 9, 1996, three years after the order

denying his PCR motion, it was untimely filed.

In his 60(b)(6) motion, Moore cites *Sones* in support of his argument that Judge Vollor erred in denying his PCR motion as time barred. Sones filed a petition for writ of habeas corpus, alleging that his attorney exhibited deficient performance by failing to attack his prior conviction at the sentencing hearing in which the prior conviction was used to enhance his sentence as a habitual offender. *Sones*, 61 F.3d at 419. Moore relies heavily on a footnote in the opinion, in which the Court stated, "[T]he Mississippi Supreme Court has consistently held that an attack on a facially valid prior conviction, used either as an aggravating circumstance in capital sentencing or as a basis for a sentence as a habitual offender, must be brought after sentencing in a petition for post-conviction relief from that prior judgment of conviction." *Id*. at 418 n.14. Moore interprets this statement to mean that once a prior conviction has been used to enhance sentencing, the criminal defendant must wait until after the subsequent enhanced sentencing to attack the prior conviction in a post conviction relief motion. As the State points out in its brief, this is a misinterpretation of the law. Reading further into the *Sones* opinion, the Court's meaning becomes apparent. "The Mississippi Supreme Court has made it clear, however, that attacks on prior convictions that are not facially invalid must be made collaterally, in a motion for relief from the prior judgment of conviction, not at trial or sentencing." *Id*. at 419. The Court simply meant that the sentencing hearing was not the appropriate place for attacking the prior conviction. Moore's reliance on the *Sones* decision and its underlying case law to support his theory that his PCR motion was not time barred is misplaced.

Moore was convicted and sentenced in Cause No. 11,575 on July 8, 1983. For those defendants convicted before the April 17, 1984, enactment date of the Mississippi Uniform Post-Conviction Collateral Relief Act, the deadline for filing a PCR motion was April 17, 1987. *Campbell v. State*, 611 So.2d 209, 210 (Miss. 1992). Moore filed his PCR motion attacking the convictions in Cause No. 11,575 nearly six years after the deadline, on February 2, 1993. His original claim that his guilty pleas were not knowing and voluntary would fall under the exception for claims affecting fundamental constitutional rights. *See Chunn v. State*, 669 So.2d 29, 32 (Miss. 1996) (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)); *Bevill v. State*, 669 So.2d 14, 17 (Miss. 1996) (citing *Luckett v. State*, 582 So.2d 428 (Miss.1991); *Smith v. State*, 477 So.2d 191 (Miss.1985)). However, "merely *raising*" such a claim does not operate to waive the procedural bar. *Bevill*, 669 So.2d at 17. Moore's argument that his guilty pleas were rendered unknowing and involuntary due to the trial court's failure to advise him that the convictions could be used to enhance sentencing in a subsequent felony conviction is without merit. The trial judge must inform the accused of the consequences of pleading guilty. URCCC 8.04; *Gilliard v. State*, 462 So.2d 710, 712 (Miss. 1985) (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). However, we do not extend that rule to require a trial judge to advise a criminal defendant of the possibility that his guilty plea could be used to support a later conviction as a habitual offender. Moore's original PCR motion was properly dismissed as time barred, and Judge Vollor properly found that Moore's 60(b)(6) motion was not timely filed.

## II.

### WHETHER MOORE'S GUILTY PLEAS WERE RENDERED INVOLUNTARY DUE TO THE TRIAL COURT'S FAILURE TO ADVISE HIM OF THE MINIMUM PENALTIES AND HIS RIGHT AGAINST SELF INCRIMINATION.

In his 60(b)(6) attack on Judge Vollor's order denying him post conviction relief, Moore asserted for the first time that his guilty pleas were involuntary because Judge Wicker did not inform him of the minimum sentences or his right against self incrimination. In addition to being untimely filed, these claims are barred, because Moore failed to raise them in his original PCR motion. *Common Cause*, *supra*; *Gardner v. State*, 531 So.2d 805, 808-809 (Miss. 1988) (citing *Colburn v. State*, 431 So.2d 1111, 1114 (Miss. 1983)). The lower court's denial of Moore's 60(b)(6) motion was appropriate in light of the procedural bars.

## CONCLUSION

Because Moore filed his 60(b)(6) motion three years after the trial court's denial of post conviction relief, Judge Vollor properly found that the motion was not filed within a reasonable time. In addition, Moore's *Sones* claim is without merit. Because he failed to file his original PCR motion before the deadline and raised no claim falling within the recognized exceptions, it was properly dismissed by the trial court as time-barred. Moore's new claim that his guilty pleas were involuntary is additionally barred for failure to raise the issue in his original PCR motion.

We therefore affirm the lower court's denial of post conviction relief in this case.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**