**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 31, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60606
Summary Calendar

_____

MAURICE DAMON CHANCELLOR,

                                        Petitioner-Appellee,

versus

STATE OF MISSISSIPPI; JIM HOOD,

                                        Respondents-Appellants.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-426-BN
---------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

     The district court dismissed the 28 U.S.C. § 2254 habeas
petition by petitioner-appellee Maurice Chancellor, a Mississippi
prisoner (# L0909), "without prejudice," for failure to exhaust
state remedies.  The respondents-appellants have filed an appeal
from the "without prejudice" designation; they argue that the
dismissal should have been based on the procedural-default
doctrine and that it should have been "with prejudice."  They
contend that, because Chancellor has already filed an
unsuccessful postconviction application in the Mississippi state

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

courts, any future attempt to exhaust state remedies would be barred by Mississippi's successive-petition rule, MISS. CODE ANN. § 99-39-23(6).

The procedural-default doctrine precludes federal habeas review when the last reasoned state-court opinion addressing a claim explicitly rejects it on a state procedural ground. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801, 803 (1991). When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

In the instant case, no state procedural bar was ever applied to Chancellor's claims by the state courts, but it is undisputed that Chancellor failed to exhaust the claims he is now raising. Ordinarily, a habeas petition must be dismissed, without prejudice, if any issue has not been exhausted in the state courts. <u>Rose v. Lundy</u>, 455 U.S. 509, 513-19 (1982). However, "[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims." <u>Sones v. Hargett</u>, 61 F.3d 410, 416 (5th Cir. 1995). "'[I]f the petitioner failed to exhaust state remedies and the [state] court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is procedural default for the purposes of federal habeas. . . .'" <u>Id.</u> (quoting <u>Coleman</u>, 501 U.S. at 735

n.1); <u>Wilder v. Cockrell</u>, 274 F.3d 255, 262 (5th Cir. 2001). The petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar. <u>See</u> <u>Stokes v. Anderson</u>, 123 F.3d 858, 860 (5th Cir. 1997).

The respondents argued in their answer in district court that Chancellor's 28 U.S.C. § 2254 petition should be dismissed as procedurally defaulted. Chancellor has not filed any pleadings or papers in this case since July 2003, prior to the date that the respondents filed their answer. Chancellor has thus made no effort to sustain his burden of showing that Mississippi's successive-petition provision, MISS. CODE ANN. § 99-39-23(6), was not an "adequate and independent" state procedural ground upon which to base a procedural-default ruling, and we have indicated that § 99-39-23(6) is indeed an adequate and independent rule. <u>See</u> <u>Moawad v. Anderson</u>, 143 F.3d 942, 947 (5th Cir. 1998); <u>Lott v. Hargett</u>, 80 F.3d 161, 164-65 (5th Cir. 1996). Accordingly, we conclude that Chancellor's habeas petition should have been dismissed "with prejudice" as procedurally defaulted. We thus VACATE and REMAND with instructions that the district court re-enter judgment in favor of the respondents, dismissing Chancellor's petition "with prejudice" as procedurally defaulted.

VACATED AND REMANDED.