**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 9, 2010

Lyle W. Cayce
Clerk

No. 09-60461

MARK D'WAYNE SUMRELL,

Petitioner-Appellant

v.

STATE OF MISSISSIPPI,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CV-68

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mark D'Wayne Sumrell, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Sumrell was convicted of third-offense shoplifting, a felony. Because of his status as a habitual offender, Sumrell was sentenced to life in prison under MISSISSIPPI CODE § 99-19-83. Sumrell claims that the State failed to prove as a necessary prerequisite to adjudication as a habitual offender that he had served at least one year in prison on two predicate felony offenses. The district court held that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60461

Sumrell's claim was procedurally barred. We granted a certificate of appealability (COA) on the issue whether the district court properly applied the procedural bar, including whether Sumrell overcame the bar and whether the district court improperly relied on new evidence submitted by the Respondent. We AFFIRM the district court's judgment.

Sumrell was convicted of third-offense felony shoplifting in 2004. In support of its charge that Sumrell was a habitual offender, the State introduced at the sentencing hearing testimony from a probation parole officer who testified that Sumrell had prior convictions in 1991 for robbery and in 1993 for possession of cocaine. The State also introduced a copy of Sumrell's "pen pack," which contains records from the Mississippi Department of Corrections showing Sumrell's prior convictions and his entry into the penitentiary. The pen pack is the focus of this appeal because Sumrell claims it fails to show that he served at least one year in prison for each of his two prior convictions.[1]

Sumrell raised this claim for the first time on certiorari review in the Mississippi Supreme Court. That court held that Sumrell had procedurally defaulted on his claim by failing to raise it in the trial court. Nevertheless, despite the procedural bar, the state supreme court also reviewed the merits of the claim and held that the pen pack established that Sumrell was a habitual offender. On federal habeas review, the district court initially held that Sumrell's claims were procedurally barred but that Sumrell had overcome the bar under the fundamental miscarriage of justice exception to procedural default. The court reasoned that the pen pack was insufficient to show Sumrell

---

[1] Under MISSISSIPPI CODE § 99-19-83, "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment[.]"

No. 09-60461

had served at least one year on his robbery conviction, and therefore Sumrell was actually innocent of the habitual offender enhancement and the state court had unreasonably determined the facts of the case. The district court reversed itself, however, after the State filed a Rule 59 motion and submitted additional evidence, in the form of court and prison records, showing that Sumrell actually had served more than one year on his robbery conviction. This appeal now follows.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant a writ of habeas corpus with respect to a claim decided on the merits in state court unless the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was an "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). A State court's factual determinations are presumed correct and may be rebutted only by clear and convincing evidence. § 2254(e)(1).

Moreover, where, as in this case, a state court has rejected a state prisoner's claims on an independent and adequate state procedural ground, the claims are precluded from federal habeas review. *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). The prisoner may not overcome the procedural default unless he establishes either cause and prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010). We are concerned in this case with the miscarriage of justice exception, which applies only in extraordinary cases and requires Sumrell to establish that he is actually innocent of the habitual offender sentence enhancement by showing that but for a constitutional error he would

not have been legally eligible for the sentence he received.[2]  *See id.* at 307–08; *Sones v. Hargett*, 61 F.3d 410, 418–19 & n.16 (5th Cir. 1995) (assuming without deciding that the actual innocence standard applies to non-capital sentencing procedures).

As noted above, Sumrell's eligibility for his habitual offender status hinges on whether he served more than one year in prison on his two predicate felony convictions.  *See* MISS. CODE ANN. § 99-19-83.   He argues on appeal that we should focus our review only on the original state court record and the state pen pack used to sentence him, which the district court held was insufficient to show he qualified as a habitual offender.  Even if we so restrict our review, however, we conclude under the AEDPA standards that Sumrell is not entitled to habeas relief.

The state pen pack shows that Sumrell was convicted in 1991 of robbery and sentenced to three years of probation.  Sumrell was subsequently arrested on February 11, 1993, for the possession of cocaine offense and was convicted on February 22, 1993.  His probation for robbery was then revoked.  Sumrell was sentenced to three years in prison for the drug offense, which was ordered to run concurrent with the probation revocation sentence for the robbery offense.  There is no dispute that Sumrell served time in prison on the drug offense until he was discharged in March 1994, more than one year later, and that the drug offense qualifies as one predicate conviction under the habitual offender statute.  The dispute centers on Sumrell's robbery offense.

The original pen pack contains an "Amended Order of Revocation and Probation" showing the revocation for the robbery offense.  The order is dated July 20, 1993.  The district court initially held that because this order showed

---

[2] Because Sumrell has not briefed the district court's conclusion that he did not meet the cause and prejudice standard, he has abandoned that issue on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

No. 09-60461

Sumrell's probation was not revoked until July 1993, he served only eight months for the robbery offense before being released from prison in March 1994, which was too little to qualify as a habitual offender. This was incorrect. The Mississippi Supreme Court held as a factual matter that Sumrell's probation was revoked in February 1993 and that he served more than one year for the robbery offense. This factual conclusion was not unreasonable and was supported by the records in the pen pack. The judgment for the cocaine offense specifically stated that the sentence ran concurrently with the revocation for the robbery offense. The pen pack documents included multiple prison records, including a sentence computation record and a social admission form, all showing that Sumrell's probation for robbery had been revoked on February 22, 1993, and that he began serving his revocation sentence on that date. Furthermore, a Prisoner Commitment Notice issued by the court clerk and received by the Central Mississippi Correctional Facility on the same date as the Amended Order of Revocation indicates that the revocation sentence began on February 22, 1993. Of course, in order for there to be an "Amended" order of probation revocation, there had to have been an original order of revocation, and the absence of the original order from the pen pack is not fatal given the remaining documents in the record.

In light of the numerous documents in the pen pack indicating that Sumrell's revocation sentence began in February 1993, not July 1993, the state court's finding that Sumrell served more than one year in prison for his robbery offense was not an unreasonable determination of the facts. *See* § 2254(d)(2); *see also Wood v. Allen*, 130 S. Ct. 841, 849 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). The predicate factual finding of Sumrell's prison term vitiates the basis for his claim of actual

5

innocence and a fundamental miscarriage of justice.  Therefore, Sumrell is not entitled to overcome the procedural default on his claims.

In order to remove all doubt, the State submitted to the district court along with its Rule 59 motion a copy of Sumrell's original Order of Revocation of Probation, which was dated February 22, 1993, and conclusively established that the revocation occurred on that date.  The grant of COA in this case included whether the district court erroneously relied on this new evidence, but we need not resolve that question because we conclude that the original state record and pen pack were sufficient to show that Sumrell served at least one year on his robbery conviction.

Sumrell fails to show that the district court erred in its determination that his federal claims are procedurally defaulted.  The district court's judgment is therefore affirmed.

AFFIRMED.