# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41107
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2015

Lyle W. Cayce
Clerk

VICTOR FRANK ROSSER,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-467

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Victor Frank Rosser, Texas prisoner # 01467509, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his jury trial conviction for murder. In reviewing the denial of § 2254 relief, this court reviews issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).

Rosser argues that the district court erred in dismissing as procedurally barred his claim that the state trial court made an improper remark during voir dire. Rosser was in court at the time that the comment was made and was aware of the effect, if any, that the comment had on the jury, but he has not proffered any reason for not having raised this argument in his state court postconviction applications. Neither has he shown that the resolution of this claim in his favor would show his actual innocence. Thus, this claim is procedurally barred from federal review. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Rosser next contends that his trial counsel was ineffective in failing to hire a ballistics expert to show the distance between himself and the victim at the time of the shooting, arguing that it would have confirmed that the victim was attempting to reenter the house and was shot by Rosser in self-defense. Rosser has not demonstrated that the state court misapplied the *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984), standard to the evidence. *See* § 2254(d).

Lastly, Rosser argues that his counsel was ineffective in failing to present evidence of his reckless conduct to obtain a jury instruction on the lesser included offense of manslaughter and in failing to object to the lack of a manslaughter instruction. The state court correctly applied *Strickland* in determining that counsel acted reasonably in pursuing a self-defense theory and was not deficient in failing to object to the absence of a manslaughter instruction. *See Strickland*, 466 U.S. at 689-94.

AFFIRMED.