654 So.2d 1387 (1995)
Oscar D. STRICKLAND
v.
L. Glenn HOWELL, South Mississippi Correctional Institution, Lee Roy Black, W.L. Lee and Gayle Parker.
No. 92-CA-00990-SCT.
Supreme Court of Mississippi.
April 20, 1995.
*1388 Oscar D. Strickland, Leakesville, pro se.
Michael C. Moore, Atty. Gen., Jo Anne M. McLeod, Sp. Asst. Atty. Gen., Jackson, for appellees.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the court:
In this case we are called upon to address the issue of whether the Circuit Court erred in denying a petition for writ of habeas corpus. We conclude that a commitment order alone is insufficient to establish the fact of conviction without a hearing. It follows that Section 99-39-5(2) of the Mississippi Code Annotated, which concerns post-conviction relief, was erroneously applied here because the petition alleged a pre-conviction claim. Accordingly we reverse and remand for further proceedings.

I.
Oscar Strickland has been confined to the State Penitentiary for murder since December 1968 apparently serving a life sentence. On October 14, 1991, Strickland filed a petition for a Writ of Habeas Corpus Ad Subjiciendum in the Circuit Court of Greene County, Mississippi. Strickland claims that he was illegally imprisoned and that the commitment order confining him to the State Penitentiary was void. The Greene County Circuit Court dismissed Strickland's petition for writ of habeas corpus on the basis that the commitment order issued by the Harrison County Circuit Court was valid and justified Strickland's confinement. Furthermore, the court found that Strickland's petition was clearly barred by the three (3) year statute of limitations pursuant to Section 39-39-5(2) of the Mississippi Code of 1972, as amended.

II.
The impetus of Strickland's writ of habeas corpus claim is that not only did he not commit the crime, he was never indicted, tried, convicted or sentenced. The only evidence in the record before this Court, as was with the lower court, is a commitment order issued by the Harrison County Circuit Court clerk stating that Strickland pled guilty to murder and sentencing him to life imprisonment. The State claims that the commitment order is sufficient to support Strickland's claim and therefore, that Strickland has failed to state a claim upon which relief can be granted. We disagree.
"False imprisonment is the confinement of the plaintiff within boundaries fixed by the defendant, without legal justification, by an act or the breach of a duty intended to result in such confinement." State v. Moore, 252 Miss. 471, 478, 174 So.2d 352, 355 (1965) quoting Prosser, The Law of Torts, Section 12 (3d ed. 1964). In this case, the lower court found that the commitment papers justified Strickland's incarceration and that he *1389 had therefore failed to state a claim upon which relief could be granted. This conclusion, however, as a matter of law, is erroneous. A commitment paper is not a judgment. Rather, the validity of a commitment depends on the judgment behind it. Hode v. Sanford, 101 F.2d 290 (5th Cir.1939). Therefore, in a habeas corpus proceeding, a court is under a duty to explore the foundations of the commitment. Hill v. United States ex rel, Wampler, 298 U.S. 460, 467, 56 S.Ct. 760, 763, 80 L.Ed. 1283 (1936).
Aside from Strickland's petitions for writ of habeas corpus and the State's response in the form of a Report to the Court, the only evidence before the lower court was the commitment and the commitment order, the validity of which Strickland has challenged. The trial court's decision to dismiss the writ was based on the commitment. That court failed to explore the foundations of the commitment to ascertain its validity as required under Hill, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936).
The State contends that Strickland's claim is barred from raising the issues presented here concerning his 1968 murder conviction, pursuant to Section 99-39-5(2) of the Mississippi Code Annotated, known as the Mississippi Uniform Post Conviction Collateral Relief Act. This code section provides that
A motion for relief under this Chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in a case of a guilty plea, within three years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
The State argues that pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act enacted on April 17, 1984, the latest Strickland could have applied for relief would have been April 17, 1987. Because Strickland was almost six years too late at the time this action commenced, the State argues, Strickland is barred from any post-conviction relief.
Strickland contends, and we agree, that his petition for habeas corpus relief is not a petition for post-conviction relief because, as Strickland argues, he was never convicted. Thus, the petition for habeas corpus relief is not time barred on its face under the provisions of the Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, et seq.

III.
For the foregoing reasons, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.