## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 95-KP-00831-SCT

*OSCAR STRICKLAND a/k/a OSCAR DALE
STRICKLAND*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/06/95 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | DALE HARKEY |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/14/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This is the second appeal from the denial of Oscar Strickland's petition for writ of habeas corpus from the Circuit Court of Greene County. Strickland argued that he was never indicted, tried, convicted or sentenced for the 1968 murder of Howard S. Smith, for which he remains imprisoned. In 1991, Strickland filed his petition for writ of habeas corpus, in which he challenged the validity of his confinement. The circuit court found that a valid commitment order was sufficient to find that Strickland was legally imprisoned. In *Strickland v. State*, 654 So. 2d 1387 (Miss. 1995), this Court stated that a commitment order alone is insufficient to imprison a defendant without exploring the underlying judgment which supports the commitment order, therefore this Court reversed and instructed the circuit court to explore the foundation of Strickland's confinement.

¶2. On remand, the State presented a certified copy of Strickland's sentencing order showing Strickland had pled guilty to murder. Strickland then attempted to challenge jurisdiction of the First Judicial District of Harrison County, although he refused to testify himself at the hearing. The Greene County Circuit Court, Judge Kathy King Jackson, found that Strickland was legally imprisoned and denied his petition for writ of habeas corpus. Aggrieved by the disposition below, Strickland asks this Court to review the following issue:

**DID THE LOWER COURT ERROR IN FINDING THAT STRICKLAND WAS LAWFULLY IMPRISONED AS A RESULT OF A CONVICTION OF MURDER IN THE CIRCUIT COURT FIRST JUDICIAL DISTRICT OF HARRISON COUNTY, MISSISSIPPI WHEN THAT COURT LACKED JURISDICTION?**

## STATEMENT OF THE FACTS

¶3. In 1991, Strickland filed a petition for writ of habeas corpus and charged that he had been illegally imprisoned and the commitment order confining him to jail was void. Strickland argued that he did not commit the crime, nor was he ever indicted, tried, convicted or sentenced. The only evidence to support the confinement was the commitment order. The Greene County Circuit Court dismissed Strickland's petition on the basis that the commitment order issued by the Harrison County Circuit Court was valid and justified Strickland's confinement. Further, the circuit court found that Strickland's petition was barred by the three year statute of limitations pursuant to Miss. Code Ann. § 39-39-5 (2). Strickland appealed. Thereafter, this Court stated:

> A commitment paper is not a judgment. Rather, the validity of a commitment depends on the judgment behind it. *Hode v. Sanford*, 101 F. 2d 290 (5th Cir. 1939). Therefore, in a habeas corpus proceeding, a court is under a duty to explore the foundations of the commitment. *Hill v. United States ex rel, Wampler*, 298 U. S. 460, 467, 56 S.Ct. 760, 763, 80 L. Ed. 1283 (1936).

*Strickland v. State*, 654 So. 2d 1387, 1389 (Miss. 1995). Further, this Court stated that Strickland's petition for writ of habeas corpus relief was not a petition for post-conviction relief, thus not subject to the three year statute of limitation, because Strickland's argument is that he was never convicted. *Id*. This Court remanded Strickland's petition to the circuit court to explore the foundations of his commitment. *Id*.

¶4. On July 6, 1995, the Greene County Circuit Court, pursuant to remand instructions, held a hearing to explore the underlying evidence of Strickland's confinement. The State presented, pursuant to the Acts of Congress, a certified copy of Strickland's sentencing order from the minutes book of the Harrison County First Judicial District. Harrison County Circuit Judge Jerry O. Terry and Circuit Clerk Gayle Parker signed an affidavit stating that the certified copy is correct. A review of the sentencing order reveals that on December 5, 1968, Oscar Dale Strickland pled guilty to the charge of murder and received a sentence of life imprisonment.

¶5. After the introduction of the sentencing order from 1968, Strickland argued that the State failed to produce a copy of the indictment and therefore the trial court lacked jurisdiction to imprison him. Strickland stated because no indictment had been entered into evidence, the sentence was not valid and therefore no evidence existed to show a legal incarceration. Strickland argued points of law but

when informed that he must be sworn and testify, he stated that he did not wish to testify. Judge Jackson stated:

> But, as I read the ruling from the Supreme Court, it tells me that I was incorrect in dismissing your original petition because I did not go behind the commitment order, because you were alleging you were never convicted of the crime of murder. And they told this court that I should hold a hearing to go behind that commitment order, is the way I read it, to show--to let the State put on evidence to show whether or not you were in fact convicted of the crime of murder in Harrison County. The only document entered here today is a sentencing order, certified under the Acts of Congress, stating that in the First Judicial District of Harrison County, at Gulfport, Mississippi, you were--you pled guilty to the crime upon which you were indicted. The sentencing order clearly says that. Arraigned in open court upon the indictment, and the indictment number is 13,879, and that you pled guilty to that charge and that you were sentenced to serve a term of life in the Mississippi State penitentiary. I don't know what the Supreme Court is going to hold as a sentencing order, I find that to be a sentencing order. I find that to be a conviction on the crime of murder, on which, I assume, that's what you're serving now. I know it was testified that you had other convictions in the 1960's, but that's what he's serving a sentence on at this minute, as I understood your testimony. So, I find that you are being held legally, Mr. Strickland, and your petition for habeas corpus is hereby denied.

On July 6, 1995, Judge Jackson entered an order denying Strickland's petition for habeas corpus based upon the certified sentencing order. On July 26, 1995, Strickland filed this appeal.

## DISCUSSION OF THE ISSUE

**DID THE LOWER COURT ERROR IN FINDING THAT STRICKLAND WAS LAWFULLY IMPRISONED AS A RESULT OF A CONVICTION OF MURDER IN THE CIRCUIT COURT FIRST JUDICIAL DISTRICT OF HARRISON COUNTY, MISSISSIPPI WHEN THAT COURT LACKED JURISDICTION?**

¶6. The plain language of the remand stated that a commitment paper is not a judgment, rather the validity of the commitment is determined by the judgment behind it. Pursuant to the instructions on remand the circuit court explored the foundation of Strickland's commitment order. The State presented a certified copy of Strickland's sentencing order, in which Strickland pled guilty in the First Judicial District of Harrison County. Obviously, Strickland is a liar and he lied to both the circuit court and this Court when he said that he was never convicted and sentenced for the murder of Howard S. Smith. Strickland attempted to protect himself from perjury charges by not testifying at the hearing. Strickland should be sanctioned for perpetrating a fraud upon both the lower court and this Court.

¶7. Upon the State presenting a certified copy of the sentencing order, stating that Strickland had pled guilty, the State had met its burden of proving the validity of the commitment order. Any other attack by Strickland as to deficiencies of the indictment and challenges to the evidence are defined as a claim for post-conviction relief. Miss. Code Ann. § 99-39-5 (2) states that the prisoner, in the case of a guilty plea, has three years after entry of judgment in which to seek relief from the judgment. This statute was enacted on April 17, 1984, therefore the latest Strickland could have filed a motion for relief was April 17, 1987. However, Strickland waited until 1991 to file this petition, almost

twenty-three years after the entry of his guilty plea and judgment sentencing him to life imprisonment. Strickland's attempt to vacate his conviction is barred. The circuit court followed the explicit language of the remand and therefore this issue is without merit.

¶8. Strickland intentionally filed this petition and repeatedly alleged that the arguments contained therein were correct, even though he knew those contentions were completely false. This petition has twice been before this Court and twice before the lower court which has caused a great expense to the State and its taxpayers. Strickland's petition for writ of habeas corpus is completely frivolous and lacked any chance of success. Strickland has used his ability to file to abuse his access to this Court. Therefore, Oscar Dale Strickland is hereby prohibited from filing any matter in any court of this state, without the prior payment of the costs of that filing.

## CONCLUSION

¶9. A hearing was held in circuit court to explore the underlying foundation of Strickland's commitment order. Upon remand the State presented a certified copy of the December 5, 1968, sentencing order. This judgment directly refutes Strickland's allegation that he was never convicted and sentenced of murder. That is true to an extent, he pled guilty, therefore there was no trial. Strickland refused to testify and did not present any evidence to show that the sentencing order was incorrect. Strickland argued that there was no evidence to show his guilt or indictment, however, this argument is properly described as a request for post-conviction relief, which is clearly time barred. Strickland expects us to believe that he remained in jail for twenty-three years, except for four paroles, which were all revoked, before he discovered that he did not commit murder, and that the police just picked him up and put him in prison. The judgment of the circuit court is affirmed.

**¶10. LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS IN PART WITH SEPARATE WRITTEN OPINION.**

**BANKS, JUSTICE, CONCURRING IN PART:**

¶11. I concur in the result reached by the majority. I do not join prohibiting against filing. Strickland is not shown as a frequent filer.