# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-KP-01073-SCT

*CHARLES SMITH a/k/a CHARLES L. SMITH*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/30/95 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/14/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This case comes before this Court from the denial by the lower court of Charles L. Smith's Motion for Post-Conviction Relief. After Smith entered a plea of guilty, he was sentenced to five years in the custody of the Mississippi Department of Corrections, with two suspended and three to serve. Afterwards, Smith filed his Motion for Post-Conviction Relief. No evidentiary hearing was had on the matter, and the lower court summarily dismissed Smith's Motion. Aggrieved from the lower court decision Smith appeals to this Court raising the following:

**I. WHETHER THE GUILTY PLEA WAS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE.**

**II. WHETHER THE INDICTMENT WAS CONSTITUTIONALLY VALID.**

**III. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE GUILTY PLEA.**

**IV. WHETHER THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

## STATEMENT OF FACTS

The facts of this case are very unclear, and at times, conflicting. The briefs are somewhat lacking with sufficient information to provide the Court with a clear picture. Therefore, most of the pertinent facts are taken from the record.

Smith claims he was arrested on November 10, 1990, for the offense of auto theft. However, the indictment shows the date of the auto theft to be November 15, 1990. Smith was charged with "wilfully, unlawfully and feloniously tak[ing], steal[ing] and carry[ing] away one 1981 Chevrolet C-10 pickup truck, white and red in color, Mississippi license number 8AKB807."

Shortly after he was arrested in Jackson, Smith was transported to Leake County where he escaped from custody. He was arrested for the escape on September 20, 1991, and sentenced to three years in the custody of the Mississippi Department of Corrections on January 16, 1992. Smith signed and filed a Waiver of Arraignment and Entry of Plea for the non-capital charge of grand larceny on June 19, 1992.

Smith filed his Motion to Dismiss for Failure to Provide a Speedy Trial on August 3, 1992. There Smith stated in the first numbered paragraph that he was arrested on 3[th][sic], 9th, 1991, and charged with grand larceny. In the third numbered paragraph he states charges of grand larceny were filed against him on 15th, 11, 1989 [sic].

Smith filed a Brief in Support of his Motion replete with contradictory dates. In that Brief, Smith claimed to have been continually held in custody since 9-3-1992 [sic]. Later in the same document, Smith states he was arrested on 9-3-1991 [sic]. Finally, Smith's date of arrest is further contradicted again in the same document. In the next to last paragraph Smith states he was arrested on 3-9-1992 [sic].

Smith pled guilty on September 20, 1992, to receiving stolen property. There is no transcript containing the plea hearing before the lower court. However, the lower court entered an Order showing Smith had entered a guilty plea to receiving stolen goods on September 20, 1992. He was sentenced to five years in the custody of the Mississippi Department of Corrections, two years suspended, three years to serve concurrent with the Leake County sentence, with credit for time served since September 20, 1991.

Smith filed a Motion to Vacate Judgment and Sentence on August 18, 1995, requesting Post-Conviction relief. The Honorable William F. Coleman entered an Order on August 30, 1995, denying Smith's request for Post-Conviction Relief without an evidentiary hearing. It is from this denial of requested relief that Smith appeals unto this Court.

## DISCUSSION OF ISSUES

## I. WHETHER THE GUILTY PLEA WAS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE.

Smith claims his sentence for receiving stolen goods was contrary to the facts shown in the records. He states that the guilty plea cannot stand because the charge of auto theft was dropped, reducing the charge to joy riding. The record is void of any evidence indicating the charge was dropped or reduced to joyriding. The indictment charged Smith with grand larceny, but the Order issued by the lower court sentenced Smith to a period of incarceration for the crime of receiving stolen property. The record does not contain any information to explain why or how the charge was changed.

Smith claims his plea was not voluntarily entered and must be vacated because he was not advised of the minimum sentence provided by law for the crime of receiving stolen property. "A plea is voluntary if the defendant knows what the elements are in the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence could be because of his plea." *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996) *quoting* *Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990). However, a complete record should be made of the plea hearing to ensure the defendant's plea was entered voluntarily. *Boykin v. Alabama*, 89 S.Ct. 1709 (1969). As previously noted, the record is void of any such plea hearing.

The record contains a sentencing order which includes the following language:

> Now comes the Defendant in his own proper person, represented by counsel, and withdraws the plea of Not guilty to the charge heretofore entered, and enters a plea of Guilty to the charge of Receiving Stolen Goods the Court having first duly advised the Defendant of all of the Defendant's legal and constitutional rights in the premises, and the Defendant having freely, voluntarily and intelligently waived said rights in the premises; the Court having further advised the Defendant of the consequences of such a plea of guilty, and thereafter the Defendant upon direct questioning having admitted that he is guilty of the crime to which he has pled guilty[.]

Other than this document there is no indication that the court determined in a hearing that Smith's plea was voluntary. Also, there is no other evidence that the court below advised Smith of the maximum and minimum penalties that he could receive as provided by law. Smith claims that had he been informed of the minimum sentence for receiving stolen property he would not have pled guilty. It is for the foregoing reasons Smith asserts the lower court failed to complied with Uniform Criminal Rules of Circuit Court Practice 3.03[1].

This Court has previously held that a commitment order alone is insufficient to establish the fact of conviction without a hearing. *Strickland v. State*, 654 So. 2d 1387, 1388 (Miss. 1995). "[T]he validity of a commitment depends on the judgment behind it." *Id.* at 1389. However, that case dealt with a petition for habeas corpus and not a motion for post-conviction relief.

The trial court is bound to follow the guidelines found in Miss. Code Ann. § 99-39-11 when examining a defendant's motion for post-conviction relief.

> (1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.

(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

(3) If the motion is not dismissed under subsection 2 of this section, the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

(4) This section shall not be applicable where an application for leave to proceed is granted by the supreme court under section 99-39-27.

Miss. Code Ann. § 99-39-11.

The State responds to Smith's argument by saying the lower court substantially complied with Miss. Code Ann. § 99-39-11 (1). The lower court's Order dismissing Smith's Motion for Post-Conviction Relief tracked the statutory language as follows:

This cause having come on to be heard on original motion together with all the files, records, ~~transcripts~~ [sic], letters, and all correspondence relating to the judgment under attack and it plainly appearing from the motion, exhibits, and prior pleadings in the case that the movant is not entitled to the relief and the motion should be dismissed.

It is therefore ordered and adjudged that the Motion for Post-Conviction Relief be and is hereby dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 30th day of August, 1995

/s/ William F. Coleman

Circuit Judge

The word transcript is crossed through in the judge's Order. This coupled with the absence of a transcript or reference thereto in the record before this Court suggests that no such transcript exists. However, the statutory language does not specifically require a transcript. The language implies that a transcript of the proceeding where the defendant pled guilty would be considered with the original motion, files, records, and correspondence relating to the judgment under attack. Miss. Code Ann. § 99-39-11 (1).

The record is clear that the lower court complied with the requirements of Miss. Code Ann. § 99-39-11 (1). After considering the Motion and the record of the prior proceedings with Smith before his court, Judge Coleman, following Miss. Code Ann. § 99-39-11 (2), dismissed the Motion with prejudice.

There are two reasons why Smith's claim that his plea was involuntary must fail. First, although Smith claims he was not informed of the minimum sentence he could receive for pleading guilty to receiving stolen goods, the record is clear that this omission did not affect Smith's decision to plead guilty. This Court has stated in the past, "where. . .we can say beyond a reasonable doubt that the failure to advise an accused of a minimum [penalty] played no role in the decision of the accused to plead, such

failure is not fatal to the sentence." ***Sykes v. State***, 624 So. 2d 500, 503 (Miss. 1993). The failure to advise Smith of a minimum sentence was harmless error.

Second, it is true that the trial judge did not inform Smith of the minimum sentence for receiving stolen property. This is excusable since there is no minimum sentence for receiving stolen property. Miss. Code Ann. § 97-17-70 (3) states, *inter alia*, that a defendant convicted of receiving stolen property that exceeds $250 in value shall be committed to the custody of the State Department of Corrections for a term not exceeding five years or by a fine of not more than $1000, or both. Because there was no minimum sentence, the trial judge did not err by failing to inform Smith of a minimum sentence. ***Simpson v. State***, 678 So. 2d 712, 715 (Miss. 1996).

## II. WHETHER THE INDICTMENT WAS CONSTITUTIONALLY VALID.

Smith claims the indictment is constitutionally invalid because the initial charge of auto theft could not stand. He claims he was not identified as the driver, nor was he identified as being the man that walked onto the car lot.

Smith has failed to provide this Court with any evidence in the record of his assertions. "Our law is clear that the appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." ***Lambert v. State***, 574 So. 2d 573, 577 (Miss. 1990). An issue cannot be decided based on assertions in the briefs alone; rather, they must be proven by the record. ***Robinson v. State***, 662 So. 2d 1100, 1104 (Miss. 1995). It is the appellant's duty to present this Court with a record in support of the issues raised on appeal. *Id.*; M.R.A.P. 11(c).

There is nothing more to Smith's argument contained in his brief than his mere assertions. Based on the prior holdings of this Court, we hold that this issue is without merit.

## III. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE GUILTY PLEA.

Smith claims the lower court erred in accepting his guilty plea because he was not granted a preliminary hearing nor an evidentiary hearing. We find this issue is also without merit.

Smith was indicted by the Grand Jury of Hinds County for grand larceny. Therefore, his right to a preliminary hearing was waived. ***Mayfield v. State***, 612 So. 2d 1120, 1129 (Miss. 1992). "[O]nce a defendant has been indicted by a grand jury, the right to a preliminary hearing is deemed waived." ***Id.*** Smith failed to raise this objection at the lower court level. This Court has repeatedly held that an appellant may not attempt to plow new ground on appeal on a post-conviction motion. ***Taylor***, 682 So. 2d at 362; ***Gardner v. State***, 531 So. 2d 805 (Miss. 1988).

## IV. WHETHER THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

Smith alleges that his counsel was ineffective "for allowing this to happen" because he was not informed of the minimum sentence prescribed by law. Smith argues his counsel's assistance was rendered ineffective and inadequate, and as a result his Sixth Amendment right to counsel was violated.

In reviewing ineffective assistance of counsel claims the test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defendant. *Taylor*, 682 So. 2d at 363; *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995). The defendant has the burden of proving both prongs. *Id.* Counsel's performance is to be measured according to a totality of circumstances standard. *Id.* There is a strong, yet rebuttable, presumption that counsel for the defense took reasonable and strategic actions. *Cole*, 666 So. 2d at 775. The defendant must also show unto this Court that there was a reasonable probability that but for counsel's unprofessional errors, there would have been a different result. *Taylor*, 682 So. 2d at 363. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Smith has not shown this Court anything in the record that would suggest his counsel's overall performance was deficient or prejudicial. The only thing Smith has alleged is that counsel "allowed this to happen" to him. Smith has failed to supply this Court with an adequate record showing with specificity and detail any evidence which might rebut the strong presumption in favor of counsel's performance being both adequate and reasonable.

## CONCLUSION

This Court has previously held that an evidentiary hearing is required unless it appears beyond doubt that the appellant can prove no set of facts in support of his claim which would entitle him to relief. *Turner v. State*, 590 So. 2d 871, 874 (Miss. 1991). It cannot be said that Smith can prove any of his claims made before this Court on appeal. The lower court properly dismissed Smith's Motion based on the evidence before it, which did not include a transcript. Therefore, the lower court's denial of Smith's Motion to Vacate Judgment and Sentence is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**

1. Amended as Uniform Circuit and County Court Rule 8.04 (Adopted May 1, 1995).