IRVING, J.,
for the Court:
¶ 1. Robert E. White, III was convicted of manslaughter and sentenced to the maximum sentence of twenty years by the Circuit Court of Jones County. WTiite effectuated this appeal and raised the following issues for our review: 1) the court erred in allowing the State to strike the only black juror in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and 2) the verdict is against the overwhelming weight of the evidence.
FACTS
¶ 2. On December 31, 1998, WThite and his roommate, Michael Holliman, were at home with friends celebrating the new year. The two had been drinking beer throughout the evening when an argument ensued. Steven Dement, the only eyewitness, testified that the two argued boisterously before White pulled a gun from his pants and shot Holliman at close range. Dement explained that he did not see a weapon on Holliman at the time of the shooting; however, he saw a knife in Holli-man’s possession prior to the altercation. Dement explained that Holliman used the knife to pry a clip from Dement’s .380 pistol. Dement stated that he and Holli-man had fired Dement’s pistol earlier that evening prior to WTiite’s arrival, but “put it up” when WTiite arrived. Dement testified that he saw Holliman return the knife to his jacket pocket. A police search following the shooting did not turn up any weap *271 ons at the crime scene or on the person of Holliman.
¶ 3. The .380 revolver used to kill Holli-man was found on White’s person when he was later arrested at a Moose Lodge meeting where he had gone after the shooting. White claimed that he shot Holliman in self-defense when Holliman lunged at him with a knife. Dr. Steven Hayne testified that Holliman was killed as the result of a gunshot wound to the neck.
ANALYSIS OF ISSUES PRESENTED

I. Batson challenge.

¶ 4. White asserts that the trial court erred by allowing the State to strike the only black juror. White raised a timely objection on the ground of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), charging the State with striking the juror based on race. Under Batson, the objector must establish a pri-ma facie case of purposeful racial discrimination before requiring the other party to offer a race-neutral reason for the strike. Id. at 96, 106 S.Ct. 1712; see also Griffin v. State, 607 So.2d 1197, 1202 (Miss.1992).
¶ 5. The record in this case reveals that White did not establish a prima facie case of racial discrimination on the part of the State. During the jury selection process, after the prosecutor had stricken certain jurors, apparently all of them white, the prosecutor was asked if she was also striking juror number six, a black juror, and the following exchange occurred:
MRS. PACIFIC (the prosecutor): Just a minute. Yes, sir. Carrie Magee, we strike her. She is a black female, but this is a white defendant and a white victim.
MR. BUCKLEY (Counsel for White): You know I don’t think this is relevant; the identity of race to defendant who is a white male and who is present at this jury selection just for the record. That is the first of such. I won’t panic yet because that is the first, but there’s not that many and the only one we’ve got, she struck.
(emphasis added). After, Mr. Buckley indicated that the striking of juror Magee was the first such strike of a black juror and that, because of that fact, the defense would not panic, the following colloquy occurred:
MRS. PACIFIC: What I was about to say in continuation of my reason, she had related some health problem at the bench and she indicated that she did not want to be here because of her blood pressure. It was very high. I didn’t understand everything that she said, but I remember her trying to say she had been trying to get in touch with her doctor. Her blood pressure is real high now and she’s trying to get in touch with her doctor to get more medicine to lower her blood pressure. I probably let her go for cause, but I’ll accept yours as a race-neutral reason.[1]
MRS. PACIFIC: Okay.
MR. PARRISH (second counsel for White): Your Honor, just for the record, let me make it real clear. We do object to excusing a black female. I will point out that she has already served on one criminal jury as she told Mr. Buckley today. And under the United States Supreme Court case of Powell, the defendant is specifically asserting his right to object to the exclusion of this black female.
*272 THE COURT: Okay. It’s not material in this case. But it was a black female and she voted for a conviction; all twelve voted for a conviction. She apparently did. Anyway, I accept the State’s reason being race-neutral.
(emphasis added).
¶ 6. As can be seen from the above-quoted passages, the prosecutor began offering her race-neutral reason without the benefit of a ruling by the trial judge as to whether counsel for White had established, to the satisfaction of the court, a prima facie case of striking jurors for racial reasons. Nevertheless, the judge went on to rule that “I probably let her go for cause, but I’ll accept yours as a race-neutral reason.” Further, the trial court correctly declared that the race of the juror was irrelevant to the application of Batson. The United States Supreme Court has held that a white defendant can object under Batson to the systematic exclusion of jurors of another race from his jury. Bush v. State, 585 So.2d 1262, 1267 (Miss.1991) (citing Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991)).
¶ 7. Appellate courts have consistently given “great deference” to trial judges’ factual findings of whether a discriminatory motive underlies a prosecutor’s articulated reasons for striking a perspective juror. Bradley v. State, 562 So.2d 1276, 1283 (Miss.1990). Under the circumstances, this Court can find no error in the trial court’s finding that the juror’s medical problem was a race-neutral basis for a peremptory strike and did not constitute a Batson violation. This issue is without merit.

2. Weight of the evidence.

¶ 8. In support of his argument that the verdict was against the overwhelming weight of the evidence, White claims that the gunshot trajectory evidence is more consistent with his self-defense claim than with manslaughter. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997). The verdict will not be disturbed on appeal except when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Benson v. State, 551 So.2d 188, 193 (Miss.1989)
¶ 9. The duty of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed is charged to the jury. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). It is not for this Court to pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as being worthy of belief. Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980). Here, it is apparent that the jurors, who sat in the best possible position to weigh conflicting evidence, decided that the more credible version of the facts was that which was presented by the State. We cannot say that allowing that verdict to stand would be to sanction an unconscionable injustice; therefore, that verdict will not be disturbed.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO BE SERVED DAY FOR DAY UNTIL COMPLETED, IS AFFIRMED. ALL COSTS OF THIS *273 APPEAL ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. Although the record indicates that the speaker of the italicized language is still Mrs. Pacific, it is obvious from the context that the speaker is, in all probability, the judge of the trial court.