GRIFFIS, J„
 

 for the Court:
 

 ¶ 1. Bobby Varnado, Jr. filed a pro se motion for post-conviction collateral relief. The circuit court dismissed the motion. Varnado appeals.
 

 ¶ 2. On November 15,1996, Varnado was convicted in the Circuit Court of Lincoln County of two counts of sexual battery, two counts of rape, and conspiracy to commit the crimes of kidnapping, sexual battery, and rape. He was sentenced to serve a total of sixteen years in the custody of the Mississippi Department of Corrections (“MDOC”). Eight years of his sentence were suspended and were to be served on post-release supervision (“PRS”). On October 28, 1998, the supreme court affirmed Varnado’s conviction.
 
 Simmons v. State,
 
 722 So.2d 666 (Miss.1998).
 
 [1]
 

 ¶ 3. On February 12, 2004, Varnado was discharged from prison after serving eight years of his sentence. On February 14, 2004, he signed a document that listed both his crimes and the conditions of his PRS.
 

 ¶ 4. On August 9, 2004, the MDOC asked the court to revoke Varnado’s PRS. The MDOC presented an affidavit that listed five material violations. The court revoked Varnado’s PRS. Varnado is currently serving the suspended eight years of his sentence in the custody of the MDOC.
 

 ¶ 5. On May 24, 2007, Varnado filed a motion for post-conviction collateral relief in the circuit court. On January 14, 2009, the circuit court dismissed all his post-conviction claims. Varnado appeals this judgment. He argues that the circuit court erred: (1) by failing to advise him of the conditions of his PRS at the sentencing phase and (2) because the eight-year sentence to PRS exceeds the five-year maximum set forth in Mississippi Code Annotated section 47-7-34 (Rev.2004).
 

 ¶ 6. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed absent a finding that the circuit court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 
 *660
 
 ¶ 7. The Mississippi Uniform Post-Conviction Collateral Relief Act requires that when a conviction and sentence have been affirmed on direct appeal, a defendant must seek permission from the supreme court before filing a motion for post-conviction collateral relief in the circuit court. Miss.Code Ann. § 99-39-7 (Supp.2009). Here, Varnado failed to obtain permission from the Mississippi Supreme Court to file his motion for post-conviction collateral relief.
 

 ¶ 8. This Court has held that “[t]his procedure is not merely advisory, but jurisdictional.”
 
 Doss v. State,
 
 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App.2000). Because Varnado did not have permission from the supreme court to file his motion for post-conviction collateral relief, the circuit court did not have jurisdiction to hear his motion. Therefore, we affirm the trial court’s judgment of dismissal based on its lack of jurisdiction.
 

 ¶ 9. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Varnado's appeal was consolidated with Antonio Simmon's appeal.