LEE, P.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Robert E. White III was convicted of manslaughter by a jury in the Jones County Circuit Court. White was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC). This Court affirmed his convic *845 tion on direct appeal. See White v. State, 796 So.2d 269 (Miss.Ct.App.2001).
¶2. On September 11, 2009, approximately ten years after his conviction, White filed a writ of habeas corpus in the Greene County Circuit Court. Finding that White’s motion was in the nature of a post-conviction proceeding, the Greene County Circuit Court transferred venue to Jones County, where White was convicted. The Jones County Circuit Court determined that White had failed to obtain permission from the Mississippi Supreme Court to file his motion as required by Mississippi Code Annotated section 99-39-7 (Supp.2010). The trial court also noted that White’s motion was filed outside the three-year statute of limitations. See Miss.Code Ann. § 99-39-5(2) (Supp.2010). As such, the trial court denied White’s motion for post-conviction relief.
¶ 3. White now appeals, asserting the following, which we state verbatim: (1) whether the lower court(s) erred by not evaluating the soundness of the judgment as a foundation for a valid commitment order, and (2) whether MDOC holds a valid commitment order.
STANDARD OF REVIEW
¶ 4. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision to deny the motion was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
¶ 5. We first note that White cites to Strickland v. Howell, 654 So.2d 1387 (Miss.1995), to support his assertion that his writ of habeas corpus is not a petition for post-conviction relief and as a result, is not barred by the provisions of the Mississippi Uniform Post-conviction Collateral Relief Act (the Act). See Miss.Code Ann. § 99-39-1 to -29 (Rev.2007). However, Strickland is inapplicable because White’s argument does in fact concern his post-conviction status. White is not claiming that he was never indicted or convicted; rather, White’s arguments concern insufficiency of the indictment and jury instructions. Therefore, the provisions in the Act are applicable in this instance.
¶ 6. Section 99-39-7 requires that a defendant must seek permission from the supreme court before filing a motion for post-conviction relief in the trial court. White failed to do so. We have held that “[tjhis procedure is not merely advisory, but jurisdictional.” Doss v. State, 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App.2000); see also Varnado v. State, 31 So.3d 658, 660 (¶ 8) (Miss.Ct.App.2010). Because White did not have permission from the supreme court, the trial court did not have jurisdiction to hear his motion for post-conviction relief. Therefore, we affirm the trial court’s denial based on its lack of jurisdiction.
¶ 7. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.